UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN E. MCCOY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-15-1376-R |
| | ) |
| JOE M. ALLBAUGH, Interim Director, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Stephen E. McCoy, an Oklahoma prisoner appearing pro se, has petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Pet. (Doc. No. 6); *see also* Am. Br. in Supp. (Doc. No. 7). United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. As outlined herein, the undersigned recommends that the Petition be dismissed as untimely filed.

BACKGROUND

In February 2013, a state-court jury convicted Petitioner of conspiracy to commit a felony, robbery with a dangerous weapon, and kidnapping, all after two former felony convictions. Pet. at 1; Am. Br. in Supp. at 2. Petitioner was sentenced on March 7, 2013, to consecutive and concurrent terms of imprisonment that, in total, require him to serve up to 47 years. Pet. at 1; Am. Br. in Supp. at 2. Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed on June 4, 2014. Pet.

at 2; Am. Br. in Supp. at 2. He did not seek a writ of certiorari from the United States Supreme Court or file any applications for postconviction relief in state court. Pet. at 3-5.

In his federal habeas Petition—which, as discussed below, the Court assumes for purposes of this report and recommendation was filed on December 21, 2015[1]—Petitioner reurges the two propositions of error that he raised on direct appeal to the OCCA: (1) the State peremptorily struck potential jurors based on their race; and (2) the State's evidence was insufficient to prove beyond a reasonable doubt "that the alleged robbery was committed with a dangerous weapon." *See* Pet. at 2, 5-7; Am. Br. in Supp. at 8, 15.

## ANALYSIS

### A. Screening Requirement

The Court is required to review habeas petitions promptly and to "summarily dismiss [a] petition without ordering a responsive pleading," *Mayle v. Felix*, 545 U.S. 644, 656 (2005), "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. A district court may sua sponte dismiss a habeas petition if it is "clear from the face of the petition itself" that the petition was not filed within the applicable limitations period. *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th

---

[1] The Petition (Doc. No. 6) supersedes a procedurally deficient Brief in Support of Federal Habeas Corpus Petition (Doc. No. 1) that Petitioner filed on or around December 21, 2015. *See* Order to Cure Deficiency (Doc. No. 4) at 1-2. The Petition incorporates by reference Petitioner's Amended Brief in Support (Doc. No. 7), which is substantively identical to the original pleading. *Compare* Am. Br. in Supp. at 1-18, *with* Br. in Supp. at 1-18.

2

Cir. 2008); *accord Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

B. *The Applicable Limitations Period*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a one-year statute of limitation for prisoners to challenge their state-court convictions or sentences:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Here, because § 2244(d)(1)(B), (C), and (D) are not implicated by the allegations in the Petition, the timeliness of the Petition is considered under § 2244(d)(1)(A).

*C. Section 2244(d)(1)(A)*

Petitioner alleges that the state district court entered judgment of the conviction under attack on March 7, 2013. *See* Pet. at 1. The OCCA affirmed this conviction on June 4, 2014. Pet. at 2. Because Petitioner did not file a petition for a writ of certiorari in the U.S. Supreme Court, his conviction became final for habeas purposes when the ninety-day period to do so expired on September 2, 2014. Pet. at 3; *see Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); U.S. Sup. Ct. R. 13.1. Therefore, the one-year limitations period under § 2244(d)(1)(A) began to run the following day and expired on September 3, 2015. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (citing *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003)); *Brown v. Roberts*, 501 F. App'x 825, 832 (10th Cir. 2012) (same); 28 U.S.C. § 2244(d)(1)(A).

Petitioner's initiating filing, which was received in this Court on December 23, 2015, contains an unsworn statement that it was mailed on December 21, 2015. *See* Br. in Supp. at 19; *but see Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (requiring prisoner seeking application of prison mailbox rule to provide requisite factual support through a sworn declaration or notarized statement). Even assuming Petitioner is entitled to the benefit of the prison mailbox rule, the Petition is untimely—by at least 109 days—and therefore time-barred unless Petitioner can show that he is entitled to equitable

tolling or that an exception to the limitations period applies in his case.[2] *See* Pet. at 13 (Petitioner acknowledging that he filed this action "after the 1 year time limit" expired).

   1. *Equitable Tolling*

The AEDPA filing deadline may be equitably tolled in "extraordinary circumstances." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (internal quotation marks omitted). To be entitled to equitable tolling, Petitioner must "show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim." *See id.*; *accord Holland v. Florida*, 560 U.S. 631, 649 (2010); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances appropriate for equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner states that he "wr[o]te a letter on November 4, 2015 asking the federal court for an extension of my one year." Pet. at 13. Upon the Court Clerk's receipt of that letter, it was returned and Petitioner was advised that no action would be taken on it due to the lack of any associated pending action. *See* Am. Br. in Supp. Ex. 1 (letter from office of court clerk). Even if the November 4th letter had been accepted as initiating a habeas action and requesting an extension, it would be of no effect because the letter was submitted after the September 3, 2015 expiration of Petitioner's limitations period.

---

[2] Statutory tolling is not applicable because Petitioner has not filed any "application for State post-conviction or other collateral review with respect to the pertinent judgment" of conviction. 28 U.S.C. § 2244(d)(2); *see* Pet. at 3.

5

Substantively, in Petitioner's filings in this case—as in the November 4th letter, accepting Petitioner's description of that letter—Petitioner contends that the one-year limitations period should be tolled because he "has been incarcerated in the maximum security portion" of his current prison "where he . . . had no access to the law library or [to] the assistance of a law clerk until November 24, 2015." Pet. at 13. Petitioner also presents the affidavit of a law library supervisor to support his explanation. *See* Am. Br. in Supp. Ex. 2, Delzell Aff. ¶ 1 (Nov. 30, 2015). Petitioner, however, does not state how long he has been without such access or allege any steps taken by him to pursue his federal habeas claims beyond asking for assistance from the prison law library staff. *See* Pet. at 13 ("I just kept asking for law library help during my year to get these fed[eral] habeas pleadings prepared and filed, and [they] kept putting me off.").

A prisoner's unfamiliarity with the law and lack of legal assistance or access to legal materials are generally insufficient to warrant equitable tolling. Petitioner has not alleged specific facts that would allow the Court to depart from this rule. *See Marsh*, 223 F.3d at 1220; *Johnson v. Jones*, 502 F. App'x 807, 810 (10th Cir. 2012); *cf. Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury . . . ."). The lack of "extraordinary circumstances preventing timeliness" and lack of "diligent pursuit" of Petitioner's federal claims are clear on the face of the Petition. Petitioner has not shown that he is entitled to equitable tolling. *See Clark*, 468 F.3d at 714; *Brown v. Poppel*, 98 F. App'x 785, 788 (10th Cir. 2004).

### 2. Actual Innocence Exception

"[A] credible showing of actual innocence" based on newly discovered evidence "may allow a prisoner to pursue his constitutional claims" as to his conviction, under an exception to procedural and limitations-based bars—including 28 U.S.C. § 2244(d)(1)—established for the purpose of preventing a miscarriage of justice. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1931-32 (2013). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Such claims must be based on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Petitioner's allegations challenge the State's exercise of peremptory challenges as to his petit jury and the sufficiency of the evidence supporting an element of one of the three felonies for which Petitioner was convicted. *See* Pet. at 2; Am. Br. in Supp. at 8-14, 15-18. Petitioner's filings, even liberally construed, do not allege any facts suggesting that that Petitioner is factually (rather than legally) innocent of any crime for which he is incarcerated under the challenged judgment. *See Schlup*, 513 U.S. at 327-29. Thus, Petitioner's claims do not invoke the actual-innocence equitable exception and do not permit continued consideration of his Petition by this Court. *See McQuiggin*, 133 S. Ct. at 1928; *Bousley*, 523 U.S. at 623.

*D. Summary*

Petitioner's statute of limitations to file this habeas action expired on September 3, 2015, and he has not shown that he is entitled to equitable tolling or an equitable exception to the limitations period. Because Petitioner did not file his Petition until December 21, 2015, the Court should dismiss the Petition as untimely.

RECOMMENDATION

For the foregoing reasons, it is recommended that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 6) be dismissed as untimely.

NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by April 15, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case. The Clerk of Court is directed to serve copies of the Petition and this Report and Recommendation on Respondent and the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us.

ENTERED this 25th day of March, 2016.

*[signature: Charles B. Goodwin]*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE