# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN E. MCCOY, | ) |
|           Petitioner, | ) |
| v. | )   CIV-15-1376-R |
| R. BYRD, WARDEN OF CCF, | ) |
|           Respondent. | ) |

## ORDER

Petitioner filed a Petition for Writ of Habeas Corpus on December 21, 2015. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Charles Goodwin for preliminary review. On March 25, 2016 Judge Goodwin issued a Report and Recommendation wherein he recommended the petition be dismissed upon filing as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A)-(D). Petitioner has filed a timely objection to the Report and Recommendation, giving rise to the Court's obligation to conduct a *de novo* review of any portion of the Report and Recommendation to which he has made specific objection. Having conducted such review, the Court finds as follows.

Petitioner does not take issue with Judge Goodwin's conclusion that without equitable tolling the deadline for the filing of his petition was September 3, 2015, his conviction having become final on September 2, 2014. He argues, however, that contrary to Judge Goodwin's recommendation, he is entitled to equitable tolling of the period because the circumstances at the prison where he is confined resulted in an inability to access the law library. In support of this contention he provides a statement from the principal of the Education Department

at the Cimarron Correctional Facility, who oversees the law library. Jim Hollarn indicates in the statement that during 2015, the facility spent large periods of time under lockdown, which prevented inmates from accessing the law library. He indicates the facility was on lockdown from March 23 through April 28, June 11 through July 31, August 6 to August 14, and from September 14 to October 16. He further states that from October 16 to December 4, 2015, the facility was not on lockdown, but inmates were restricted to their pods until they completed a four-step phase to come off lockdown. After December 4, 2015, inmates were permitted library access by pod, once every seven business days.

Although there is authority to the effect that a prison lockdown may support a claim for equitable tolling, an inmate is also required to show that he diligently pursued his claims by alleging with specificity the steps he took to pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir.2008); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("In the final analysis, [petitioner must show] the steps he took to diligently pursue his federal claims."). Petitioner herein has failed to establish what steps, if any, he took between the date his conviction became final, September 2, 2014, and the date of the first lockdown March 23, 2015. Furthermore, he fails to show what, if anything, he did between the various lockdown periods to pursue the two claims he seeks to raise herein.[1] Accordingly, the Court finds that Petitioner has not established that he is entitled to equitable tolling of the statute of limitations period.

---

[1] Petitioner seeks relief on the same two claims raised on direct appeal. Petitioner has not attempted to show why he could not have filed the instant petition in short order. *See Soriano v. Jones*, 522 Fed.Appx. 428, 430 (10th Cir. July 17, 2013)(citing *Coppage v. McKune*, 534 F.3d 1279, 1282 (10th Cir.2008)).

For the reasons set forth herein, the Report and Recommendation is hereby ADOPTED in its entirety and the Petition is hereby DISMISSED AS UNTIMELY.

It is so ordered this 18th day of April, 2016.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE